UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MIRANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CERES,<br><br>    Defendant. | No. 1:18-cv-00041-DAD-BAM<br><br>ORDER GRANTING UNOPPOSED MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM<br><br>(Doc. No. 8) |

On February 6, 2018, defendant City of Ceres ("City") filed a motion to dismiss seeking dismissal only of plaintiff's third claim for violation of California Labor Code § 221–224. (Doc. No. 8.) In response, plaintiff Daniel Miranda ("plaintiff") filed a statement of non-opposition to the motion, agreeing to dismissal of the third cause of action in his complaint. (Doc. No. 13.) Pursuant to Local Rule 230(g), the court vacated the hearing scheduled for March 6, 2018. For the reasons set forth below, defendant's unopposed motion to dismiss will be granted, and plaintiff's third claim will be dismissed with prejudice.

This lawsuit is one of four related actions[1] against the City alleging that it paid plaintiff cash in lieu of health benefits, which were illegally excluded in the City's calculation of

---

[1] The other three related actions are: *McManus et al. v. City of Ceres,* 1:17-cv-00355-DAD-MJS; *Quiroz v. City of Ceres,* 1:17-cv-00444-DAD-MJS; *Amador, et al. v. City of Ceres,* 1:17-cv-00552-DAD-MJS.

1

employees' regular rate of pay for the purposes of calculating overtime pay. *See Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) (holding that payment of cash in lieu of health benefits must still be included in the employee's regular rate of pay for purposes of calculating overtime pay under the Fair Labor Standards Act ("FLSA")). In his complaint in this action plaintiff alleged three claims for relief: 1) seeking compensatory relief and liquidated damages as a collective action under the FLSA; 2) seeking declaratory relief as a collective action under the FLSA; and 3) for violation of California Labor Code §§ 221–224 as a class action. (Doc. No. 1 at 5–12.) Here, the court only addresses plaintiff's third claim of relief for violation of the California Labor Code.

Plaintiff's third cause of action is a claim under California Labor Code §§ 221–224 for recovery of wages that are improperly withheld or deducted by an employer. (Doc. No. 1 at 9–10.) In the complaint, plaintiff alleged that "when Defendant made payments to Plaintiff, and other employees similarly situated, as rebates for spending less than the monthly allowance provided towards Defendant-provided employee benefits, Defendant withheld 10% of the money owing to Plaintiff as an administrative or service fee." (*Id.* at 10.) Plaintiff alleged that withholding these administrative or service fees without authorization constituted a violation of California Labor Code §§ 221–224 and sought damages for improperly withheld wages for a period of three years. (*Id.*)

Under the California Government Claims Act, an individual may not sue a public entity or public employee for damages unless a person has presented a timely claim to the public entity, which the public entity has rejected. *See* Cal. Gov. Code § 945.4. Pursuant to the California Government Claims Act and the City's municipal claims presentation requirement, claims for wages must be presented in writing to the City before initiating any lawsuit to recover wages. *See* Cal. Gov't Code §§ 905, 935(a); Ceres, California, Municipal Code § 1.24. However, in his complaint plaintiff has not alleged any facts demonstrating compliance, or an excuse for noncompliance, with the City's municipal claims presentation requirement and his failure to do so is fatal to his claim for violation of the California Labor Code. *See State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) ("[F]ailure to allege facts demonstrating or excusing

2

compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action.")

Accordingly, the City's unopposed motion to dismiss plaintiff's third cause of action (Doc. No. 8) is hereby granted.

IT IS SO ORDERED.

Dated: **February 27, 2018**

_____
UNITED STATES DISTRICT JUDGE