| | |
|---|---|
| DANIEL MIRANDA, on behalf of himself and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CERES,<br><br>Defendant. | No. 1:18-cv-00041-DAD-BAM<br><br>ORDER GRANTING PARTIES' STIPULATION FOR CONDITIONAL CERTIFICATION AND FACILITATED CLASS NOTICE<br><br>(Doc. No. 22) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on the parties' stipulation for conditional certification of a collective action and for approval of facilitated class notice pursuant to the Fair Labor Standards Act ("FLSA"). (Doc. No. 22.) Therein, the parties agree that this FLSA collective action should be conditionally certified on behalf of:

> [A]ll current or former employees of the City who worked statutory overtime under the FLSA and received cash payments in lieu of health care benefits or savings payments that were not included in the regular rate, between January 9, 2015 and the date conditional certification was issued, except for those individuals who opted-in to, and signed individual waivers in, *McManus, et al. v. City of Ceres*, United States District Court Case No.: 1:17-cv-00355-DAD-MJS; *Quiroz, et al. v. City of Ceres*, United States District Court Case No. 1:17-cv-00444-DAD-BAM or *Amador et al. v. City of Ceres*, United States District Court Case No.: 1:17-cv-00552-DAD-MJS.

(*Id.* at ¶ 2.) In addition, the parties have submitted a proposed notice to potential plaintiffs

outlining the nature of the collective action and steps by which similarly situated individuals may take to participate in this lawsuit. (*Id.* at Ex. A.)

Pursuant to the FLSA, an employee may file a civil action, on behalf of himself and other employees similarly situated, against an employer that fails to adhere to federal minimum wage and overtime law. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, similarly situated employees can join an FLSA collective action only if they opt-in by giving written consent to be joined. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated," and this court has identified no binding Ninth Circuit or Supreme Court authority interpreting that term. However, district courts in this circuit have used a two-step approach to decide whether potential FLSA plaintiffs are similarly situated. *See, e.g.*, *Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644 L KSC, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-AWI-MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014); *Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467–68 (N.D. Cal. 2004); *Wynn v. National Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). In the first step, district courts may conditionally certify the proposed class based on consideration of the parties' pleadings and affidavits. *Leuthold*, 224 F.R.D. at 467. This determination is made under a "lenient standard"—requiring a preliminary determination that notice is appropriate and that "the putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 569 U.S. at 75 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989)). District courts have the authority to facilitate notice to potential plaintiffs and may set a deadline for plaintiffs to opt in. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann-La Roche*, 493 U.S. at 169). In the second step, after class members have opted in and discovery has

2

taken place, the party opposing class certification may seek to decertify the class. *Leuthold*, 224 F.R.D. at 467.

Based on the parties' pleadings and stipulation, the court is satisfied that conditional certification of the collective action is warranted. In addition, the court finds that good cause exists to approve the proposed notice of collective action, and that the parties have proposed a reasonable deadline for potential plaintiffs to opt in to the case.

Accordingly,

1. The parties' stipulation for conditional certification of a collective action and for approval of facilitated class notice (Doc. No. 22) is granted;
2. The court conditionally certifies this action as a collective action under 29 U.S.C. § 216(b) consisting of all current or former employees of the City who worked statutory overtime under the FLSA and received cash payments in lieu of health care benefits or savings payments that were not included in the regular rate, between January 9, 2015 and the date conditional certification was issued, except for those individuals who opted-in to, and signed individual waivers in, *McManus, et al. v. City of Ceres*, United States District Court Case No.: 1:17-cv-00355-DAD-MJS; *Quiroz, et al. v. City of Ceres*, United States District Court Case No. 1:17-cv-00444-DAD-BAM or *Amador et al. v. City of Ceres*, United States District Court Case No.: 1:17-cv-00552-DAD-MJS;
3. Plaintiff Daniel Miranda shall be appointed collective action representative;
4. Weinberg, Roger & Rosenfeld shall serve as counsel for the collective class;
5. The court approves the proposed class notice (Doc. No. 22, Ex. A); and
6. The parties are ordered to prepare and distribute the class notice to potential plaintiffs in a manner consistent with the parties' stipulation.

IT IS SO ORDERED.

Dated: **December 13, 2018**

UNITED STATES DISTRICT JUDGE

3